IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LOUNNA MARCIUS,  Plaintiff,  v.  RJM ACQUISITIONS, LLC,  Defendant. | CIVIL ACTION FILE NO. 1:14-CV-02967-CAP-GGB |

**ORDER AND FINAL REPORT AND RECOMMENDATION**

Plaintiff Lounna Marcius's ("Plaintiff's") Complaint [Doc. 1-2] alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., as amended ("FCRA"). Specifically, Plaintiff, proceeding pro se, alleges that Defendant violated Plaintiff's rights under the FCRA when it willfully obtained information from his credit report on several occasions without his consent or a permissible purpose under 15 U.S.C. §§ 1681b and 1681n. Defendant RJM Acquisitions, LLC ("Defendant") moves for summary judgment, arguing that it had a permissible purpose for obtaining Plaintiff's updated contact information because it was seeking to collect on a debt it reasonably believed Plaintiff owed to it. Pending are Defendant RJM Acquisitions, LLC's Motion for Summary Judgment [Doc. 20] and Plaintiff's Motion to Strike the Declaration of Scott Matte [Doc. 26] and Motion for Leave to File Sur-Reply [Doc. 29].

For the reasons that follow, I **DENY** Plaintiff's motion to strike and **GRANT** Plaintiff's motion for leave to file a sur-reply. I further **RECOMMEND** that Defendant's motion for summary judgment be **GRANTED**.

## I.     PRELIMINARY MOTIONS

Because each of the undisputed material facts Defendant has submitted depend upon the Declaration of Scott Matte in Support of RJM Acquisitions LLC's Motion for Summary Judgment ("Declaration") [Doc. 20-2, Ex. A to Motion for Summary Judgment], I first consider Plaintiff's Motion to Strike the Declaration of Scott Matte [Doc. 26].

### A.     Motion to Strike the Declaration

Plaintiff includes four types of objections to the Declaration in his motion to strike.[1] First, Plaintiff argues that the Declaration provides no evidence that Defendant acted lawfully and so, presumably, is irrelevant and immaterial to his

---

[1] Ordinarily, a party seeking to prevent consideration of improperly supported statements on a motion for summary judgment files objections to those statements, rather than a motion to strike. See, e.g., Circle Grp., L.L.C. v. Se. Carpenters Reg'l Council, 836 F. Supp. 2d 1327, 1347 (N.D. Ga. 2011) (explaining that "[i]t is improper to strike portions of a declaration supporting a motion for summary judgment," and that the proper procedure is to file objections pursuant to Local Rule 56.1B(2)). I construe Plaintiff's motion to strike as a statement of objections to the Declaration.

claims. [Doc. 26 ¶ 2].  Second, he claims that the assertions in the Declaration are hearsay, and therefore inadmissible. [Id. ¶¶ 3, 5].  Third, he contends that because Matte is not the "creator or the custodian" of the information connected to Plaintiff's account, he cannot attest to its validity or truth. [Id. ¶ 4].  Fourth, he observes that the Declaration "was not notarized and therefore void." [Id. ¶ 3].

Plaintiff's objections lack merit.  First, the Declaration does put forth evidence of Defendant's permissible purpose for obtaining address information from a credit reporting agency under the FCRA.  See Declaration at ¶¶ 4-8 (describing Defendant's use of Experian program to obtain current address information to assist it in collection of a debt).  The declared facts directly support Defendant's motion and are appropriately considered on summary judgment.  See Fed. R. Civ. P. 56(c)(1)(A) ("[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of the record including … affidavits or declarations").

Second, Matte's statements in the Declaration are not hearsay.  A declaration supporting a motion for summary judgment must "set out facts that would be admissible in evidence." Fed. R. Civ. P. 56(c)(4).  Matte declared that he possessed "personal knowledge of the information" he set forth "[b]ased upon [his] review of

3

information maintained by [Defendant], in the normal course of its business." [Doc. 20-2 ¶ 1]. Properly authenticated information gleaned from records kept in the ordinary course of business is not hearsay. See Fed. R. Evid. 803(6). Matte also declared that he "could and would competently testify to the truth" of the information declared if called to testify. [Doc. 20-2 ¶ 1]. Unless Matte cannot be called as a witness at trial - and Plaintiff has made no such argument - it follows that the statements in the Declaration may be presented in an admissible form at trial, and so are admissible at the summary judgment stage. Rowell v. BellSouth Corp., 433 F.3d 794, 800 (11th Cir. 2005) ("evidence that is otherwise admissible may be accepted in an inadmissible form at summary judgment stage"); accord Trevizo v. Adams, 455 F.3d 1155, 1160 (10th Cir. 2006) ("parties may submit affidavits even though affidavits are often inadmissible hearsay at trial on the theory that the same facts may ultimately be presented at trial in admissible form").

    Third, Matte was qualified to issue the Declaration even if he did not create or serve as the designated custodian of Plaintiff's account information. Affidavits and declarations must be based on personal knowledge and must set forth admissible facts. Ekokotu v. Fed. Exp. Corp., 408 F. App'x 331, 335 (11th Cir. 2011). In the Eleventh Circuit, a witness authenticating business records at trial

AO 72A
(Rev.8/82)

need not be the person who actually created or prepared the record so long as other circumstantial evidence and testimony suggest their trustworthiness. Ekokotu, 408 F. App'x at 335 (citing Itel Capital Corp. v. Cups Coal Co., Inc., 707 F.2d 1253, 1259-60 (11th Cir. 1983)); see also Martin v. Rumsfeld, 137 F. App'x 324, 326 (11th Cir. 2005) (stating that when an affiant avers that his statements are based on personal knowledge, a district court is "bound to accept [such] statements as true, unless the context demonstrate[s] otherwise") (citations omitted).  Matte describes his experience and tenure as president of Defendant and attests to his review of records kept "in the normal course of its business." [Doc. 20-2 ¶ 1].  This is sufficient attestation to personal knowledge of the information he describes.  See Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the witness's own testimony."); Nawab v. Unifund CCR Partners, 553 F. App'x 856, 859 (11th Cir. 2013) (managerial affiant may rely on personal knowledge of company accounts and personal review of records company maintained in the ordinary course of business in affidavit).

     Finally, the Declaration need not be notarized under federal law.  Federal law expressly permits an unsworn declaration made under penalty of perjury (as the Declaration is) to substitute for a sworn affidavit.  28 U.S.C. § 1746; see also

Scaff-Martinez v. Fed. Bureau of Prisons, 160 F. App'x 955, 957 (11th Cir. 2005) ("Under 28 U.S.C. § 1746(2), any rule that requires an affidavit, such as Rule 56(e), can be satisfied by an unsworn declaration as long as it was made under the penalty of perjury."). Plaintiff thus has not stated any valid objection to the Declaration or to the facts declared within it.

### B.  Motion for Leave to File Sur-reply

Plaintiff also moves for leave to file a Sur-reply to Defendant's Reply brief in support of its Motion for Summary Judgment. [Doc. 29]. He includes a proposed sur-reply brief and exhibits. [Id. at pp. 2-10].

Motions to file a sur-reply on summary judgment are disfavored in this jurisdiction. LR 56.1A, NDGa ("the parties shall not be permitted to file supplemental briefs and materials, with the exception of a reply by the movant, except upon order of the court"). Defendant, however, has chosen not to file a response to Plaintiff's motion for leave, indicating that it does not oppose the motion. LR 7.1B, NDGa. Accordingly, and exercising my discretion under Local Rule 7.1B, I **GRANT** Plaintiff's motion for leave to file a sur-reply [Doc. 29], and I

have considered the sur-reply brief in ruling on Defendant's Motion for Summary Judgment.[2]

## II.   MOTION FOR SUMMARY JUDGMENT

### A.   Applicable Legal Standard and Rules

Summary judgment is proper when no genuine issues of material fact are present and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The movant carries its burden by showing the Court that there is "an absence of evidence to support the nonmoving party's case."  Celotex v. Catrett, 477 U.S. 317, 325 (1986).

"Only when [the movant's] burden has been met does the burden shift to the nonmoving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment."  Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  The nonmovant is then required "to go beyond the pleadings" and to present competent evidence in the form of affidavits, answers to interrogatories, depositions, admissions and the like, designating "specific facts showing that there

---

[2] I have also considered Plaintiff's Response brief [Doc. 25] despite concerns about its untimeliness. [See Doc. 27 at pp. 2-3].  Neither the efficiency of judicial administration nor Defendant's opportunity to submit a Reply brief have been materially prejudiced by Plaintiff's delay, and the Court prefers to consider and rule on a fully briefed motion for summary judgment.

7

is a genuine issue for trial." Celotex, 477 U.S. at 324; Fed. R. Civ. P. 56(c). "Mere conclusions and unsupported factual allegations are legally insufficient to create a dispute to defeat summary judgment." Bald Mountain Park, Ltd. v. Oliver, 863 F.2d 1560, 1563 (11th Cir. 1989).

Federal Rule of Civil Procedure 56 mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of every element essential to that party's case on which he will bear the burden of proof at trial. Celotex, 477 U.S. at 322. In such a situation, there can be no genuine issue as to any material fact, as a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. Id. at 322-23.

In deciding a motion for summary judgment, the Court must view all evidence and draw any factual inferences in the light most favorable to the nonmoving party. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988). But "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact " Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original). Resolving all

doubts in favor of the nonmoving party, the Court must determine "whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." Id. at 252.

Local Rule 56.1 of the Northern District of Georgia provides that a party moving for summary judgment must include "a separate, concise, numbered statement of the material facts to which the movant contends there is no genuine issue to be tried." LR 56.1B(1), NDGa.  The Court deems the movant's facts admitted unless the opposing party directly refutes the facts with citations to evidence (including page or paragraph number) or law, states a valid objection to the movant's evidence, or points out that the movant's citation does not support the movant's fact or that the movant's fact is not material or otherwise has failed to comply with the provisions set out in Local Rule 56.1B(1).  LR 56.1B(2)(a)(2).  The opposing party may also submit a statement of additional facts which she contends present a genuine dispute of material fact.  LR 56.1B(2)(b).

**B.    Facts**

Here, Defendant filed a Statement of Undisputed Material Facts in Support of Its Motion for Summary Judgment ("SUMF"). [Doc. 20-5].  Plaintiff filed neither a response to Defendant's statement nor a statement of additional material facts.

Instead, Plaintiff moved to strike the Declaration that underpins Defendant's submitted material facts. As stated in Section I.A supra, I construe Plaintiff's motion to strike as a statement of objections to the Declaration, and find that Plaintiff has not stated any valid objections. The material facts as set forth in the SUMF accordingly are deemed admitted by operation of law. LR 56.1B(2); Reese v. Herbert, 527 F.3d 1253, 1267-69 (11th Cir. 2008).

In addressing the merits of Plaintiff's claims and of Defendant's motion for summary judgment, I have not simply relied on the SUMF, but have "reviewed the evidentiary materials submitted … to determine … whether there are genuine issues of material fact to be tried." Hall v. Graham Packing Co., L.P., No. 1:08-cv-2424-TWT, 2010 WL 481214, at *3 (N.D. Ga. Feb. 3, 2010). Accordingly, I draw facts both from the SUMF and from record evidence. I have excluded assertions of fact that are immaterial or presented as legal conclusions, and have excluded assertions of fact unsupported by a citation to evidence in the record or asserted only in the party's brief and not in a statement of facts. See LR 56.1B.

In light of the foregoing rules and summary judgment standard, I find the following facts for the purpose of resolving Defendant's motion for summary judgment only.

10

On or about November 22, 2005, Defendant purchased a Computer Books Direct Book Club account from Bookspan/Doubleday Entertainment LLC ("Bookspan"). [SUMF ¶ 1]. Bookspan provided Defendant with Plaintiff's contact information, including his most recent mailing address at that time. [SUMF ¶ 2]. The information provided by Bookspan indicated that the account was opened and owned by Plaintiff. [SUMF ¶ 3].

In connection with Defendant's attempt to collect the debt it had purchased, it used a monitoring program administered by a credit reporting agency, Experian. [SUMF ¶ 4]. The program provided updates on Plaintiff's address and other contact information to assist Defendant's efforts to collect the debt it believed Plaintiff owed on his Bookspan account. [SUMF ¶¶ 4-5]. Each time an address is updated through the Experian program, a "soft inquiry" is placed in the affected consumer's file in credit bureaus' databases. [SUMF ¶ 6]. The "soft inquiry" lets the consumer know that a creditor has sought his contact information, but is not used in calculating the consumer's credit score and is not visible to a third party reviewing the consumer's credit history. [SUMF ¶¶ 6-7]. Defendant only obtained information about Plaintiff through a credit reporting agency for the purpose of collecting the debt owed on the Bookspan account. [SUMF ¶ 8].

Defendant used the Experian program at least nine times between February 2012 and April 2013. [Doc. 20-3, Ex. B to Motion for Summary Judgment]. After discovering Defendant's inquiries, Plaintiff sent it a letter dated August 29, 2013 and titled "Notice of Intent to Litigate." [Id.]. The letter offered "an opportunity to amicably cure" Defendant's alleged FCRA violations, provided Plaintiff's contact information, and listed the dates on which Defendant had requested information about Plaintiff from a credit reporting agency under the heading, "Credit Pulls without my Authorization." [Id. (capitalization in original)].

Defendant received Plaintiff's letter on September 3, 2013, and elected the next day to close Plaintiff's account. [SUMF ¶ 9]. On September 11, 2013, Defendant mailed Plaintiff a letter informing Plaintiff that it had closed the account and that it would not report the account to any credit reporting agency. [Id. & Doc. 20-4, Ex. C to Motion for Summary Judgment]. Plaintiff filed suit on August 1, 2014, alleging that Defendant had violated the FCRA by obtaining credit information about him without a permissible purpose. [Doc. 1 ¶¶ 31-36, 44-46].

**C.   Discussion**

The FCRA is a federal consumer protection statute enacted by Congress to ensure that consumer reporting agencies adopt reasonable procedures to protect the

accuracy and confidentiality of consumer credit information. See 15 U.S.C. § 1681b. Much of the FCRA regulates the behavior of credit reporting agencies; however, the FCRA also extends to the conduct of parties who request credit information. See Stonehart v. Rosenthal, No. 01 Civ. 651(SAS), 2001 WL 910771, at *3 (S.D.N.Y. Aug. 13, 2001) (citing Pappas v. City of Calumet City, 9 F. Supp. 2d 943, 946 (N.D. Ill. 1998)). The FCRA imposes civil liability on users of information that obtain credit reports of consumers for purposes not specified in Section 1681b. See 15 U.S.C. §§ 1681n-o; see also Jones v. TT of Longwood, Inc., No. 6:09-cv-651-Orl-19DAB, 2006 WL 2789140, at *5 (M.D. Fla. Sept. 26, 2006).

Defendant moves for summary judgment on Plaintiff's FCRA claim,[3] arguing that no genuine issue of material fact remains in dispute for three reasons. First, the evidence shows that Defendant had a permissible purpose under Section 1681b to request Plaintiff's information from a credit reporting agency: it was attempting to collect on Plaintiff's debt, which Defendant purchased several years ago. [Doc. 20-1 at pp. 6-7]. Second, Defendant contends that even if the information it possessed

---

[3] I agree with Defendant that Counts I and II of the Complaint reference the same alleged conduct and amount to a single FCRA claim. I will construe that claim as a claim for violation of 15 U.S.C. § 1681n(a), as Plaintiff's allegations center on the lack of a purpose permissible under 15 U.S.C. § 1681b for Defendant's conduct and Section 1681n(a) enforces Section 1681b as it pertains to consumers.

about Plaintiff's debt was in error, it had reason to believe Plaintiff owed the debt and so had a permissible purpose to obtain information about Plaintiff from a credit reporting agency. [Id. at pp. 7-8]. Third, Defendant points out that Plaintiff has submitted no evidence supporting his claim that he suffered damages as a result of Defendant's conduct, entitling Defendant to judgment in its favor. [Id. at p. 8].

Plaintiff's sole response is to argue that Defendant's motion is premature because Defendant deficiently responded to one of Plaintiff's discovery requests after filing the motion for summary judgment. [Doc. 25]. His argument is unavailing. Under the Scheduling Order entered in this case, discovery closed on March 20, 2015. [Doc. 7]. The Court's Local Rules provide that a summary judgment motion "shall be filed as soon as possible, but … not later than thirty (30) days following the close of discovery, as established by the expiration of the original or extended discovery period." LR 56.1D, NDGa. Defendant filed its summary judgment motion within thirty days of the close of discovery as established by the Scheduling Order. [See Doc. 20]

Plaintiff asserts that Defendant granted him an additional two weeks to submit his responses to Defendant's discovery requests. [Doc. 29 ¶ 1(c) & Ex. A]. Assuming that occurred as stated, the extension did not unilaterally alter the length

14

of the discovery period ordered by the Court.  Even if it had, Defendant's summary judgment motion would remain timely and not premature under Local Rule 56.1D.

Moreover, Plaintiff's contention that Defendant deficiently and tardily responded to his discovery requests [Doc. 25 ¶¶ a, 12 & Doc. 29 ¶ 3] does not lead to the conclusion that Defendant's motion was premature.  For one, Plaintiff's remedy for discovery responses he deems deficient is a motion to compel, which he could have filed up to fourteen (14) days after service of the objectionable discovery responses.  LR 37.1B, NDGa.  For another, when a discovery request is served just before the close of discovery, as is the case here, there is no requirement that a response to that request also be served before the close of the discovery period. [See Doc. 19, Certificate of Service of Plaintiff's 2nd Request for Production of Documents, dated March 16, 2015].  A motion for an extension of the discovery period to allow for more time to incorporate a response to a late-issued discovery request into summary judgment briefing must be made "prior to the expiration of the existing discovery period," to be granted in exceptional or unanticipated circumstances and at the Court's discretion.  LR 26.2B.  Plaintiff made no such motion here, and has no grounds to argue that the summary judgment motion is premature.

15

Despite the absence of opposition on the merits to Defendant's motion, I must determine whether Defendant is entitled to summary judgment on the record submitted and on the applicable law. United States v. 5800 SW 74TH Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004) (citing Dunlap v. Transamerica Occidental Life Ins. Co., 858 F.2d 629, 632 (11th Cir.1988) (per curiam)). It is. Defendant has demonstrated through undisputed record evidence that, at a minimum, it had reason to believe that Plaintiff owed it a debt via its purchase of Plaintiff's Bookspan account. Defendant thus had a permissible purpose under the FCRA to obtain Plaintiff's contact information through a credit reporting agency. 15 U.S.C. § 1681b(a)(3)(A). A showing of a permissible purpose is a complete defense to a suit under 15 U.S.C. § 1681n. See Shepherd-Salgado v. Tyndall Fed. Credit Union, No. CIV.A. 11-0427-WS-B, 2011 WL 5401993, at *3 (S.D. Ala. Nov. 7, 2011) (citing Edge v. Professional Claims Bureau, Inc., 64 F. Supp. 2d 115, 117 (E.D. N.Y. 1999), judgment aff'd, 234 F.3d 1261 (2d Cir. 2000)); Perretta Capital Acquisitions & Mgmt. Co., No. C-02-05561 RMW, 2003 WL 21383757, at *5 (N.D. Cal. May 5, 2003) (same).

### III. CONCLUSION

16

For the foregoing reasons, I **ORDER** that Plaintiff's Motion to Strike the Declaration of Scott Matte, construed as objections to the Declaration [Doc. 26], be **DENIED** and that Plaintiff's Motion for Leave to File Sur-reply [Doc. 29] be **GRANTED**.  As Defendant has shown that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, I **RECOMMEND** that Defendant RJM Acquisitions, LLC's Motion for Summary Judgment [Doc. 20] be **GRANTED** and judgment **ENTERED** for Defendant.

**IT IS SO ORDERED**, this 23rd day of October, 2015.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)